## CHARLES SULLIVAN *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk.    March 18, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Licensee — Trespasser.*

A boy, who goes upon the roof of a shed of a railroad corporation to recover a ball batted thereon from a public street, and is killed by coming in contact with two naked copper wires attached to the shed and used in the ordinary lawful business of the corporation for conducting electricity and not designed as a trap, is at most a mere licensee, and his administrator cannot recover from the corporation under the Pub. Sts. c. 112, § 212.

TORT, by the administrator of Daniel Sullivan, to recover under the Pub. Sts. c. 112, § 212, for injuries causing his death on June 8, 1887.

At the trial in the Superior Court, before *Mason*, C. J., there was evidence tending to show that Sullivan and another boy named Scanlan were playing ball near the coal shed of the defendant on Lehigh Street, in Boston, and that the ball, while the game was in progress, was batted so that it fell upon the roof of the coal shed; that the boys started to get the ball, going up into the interior of the coal shed out upon the roof of an ell through a window in the shed, and climbed upon the roof of the coal shed from there; that Sullivan procured the ball and threw it down, and then came in contact with two naked copper wires fastened to the roof of the shed, and used by the defendant to conduct electricity, and received injuries from which he died. The electric wires were used in the ordinary lawful business of the defendant, and were not designed as a trap. The plaintiff saved several exceptions to the exclusion of evidence, and also an exception to the refusal to submit the question of the due care of the plaintiff's intestate to the jury.

The judge, at the defendant's request, directed a verdict for the defendant; and the plaintiff alleged exceptions.

*E. M. Johnson*, for the plaintiff.

*W. Hudson*, for the defendant.

BARKER, J.   It is useless to discuss the plaintiff's exceptions to the exclusion of evidence, or to the refusal to submit the question of the due care of the plaintiff's intestate to the jury, as in any aspect of the case, if the plaintiff's intestate was not a trespasser, which we do not decide, he was at most a mere licensee, and so far as he was concerned the defendant had a right to arrange and use its property in any lawful manner, and owed him no duty with respect to it, except to refrain from setting a trap for him, and from doing him intentional or wanton harm. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, 372. *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66.   *Heinlein* v. *Boston & Providence Railroad,* 147 Mass. 136.   *Reardon* v. *Thompson,* 149 Mass. 267.   *Daniels* v. *New York & New England Railroad,* 154 Mass. 349, 354.   *Redigan* v. *Boston & Maine Railroad,* 155 Mass. 44.   The live electric wire with which the deceased came in contact was a lawful apparatus, used in the ordinary business of the defendant, and was not designed as a trap.                                  *Exceptions overruled.*