M. H. SCHAEFER v. THE ANCHOR MUTUAL FIRE INSURANCE Co., Appellant.

Fire insurance: CHANGE OF TITLE: SUBMISSION OF ISSUE. Where the facts are conceded by both parties, as to whether an alleged conveyance constituted a change of title so as to avoid liability. on a fire insurance policy, refusal to submit the issue was not erroneous.

Same. Where a presumption is conclusively negatived by the evidence no issue thus raised is left for the jury to determine.

Evidence: EXCLUSION: PREJUDICE. Refusal to receive in evidence a pleading which was withdrawn on a former trial and which if received would not have justified a different finding was not prejudicial.

Evidence: HEARSAY. On an issue as whether a deed was delivered prior to the grantor's death the grantee can not state what was said by the person delivering it to him as the same is hearsay.

Instructions: ELABORATION. An error in stating the issues, the result of an elaborate review of the pleadings, may be cured by a subsequent instruction directing the attention of the jury to the only issues necessary for them to determine.

Instructions: MEASURE OF RECOVERY. Although the court was in error in submitting to the jury more than one method for estimating plaintiff's recovery for the loss of a building by fire, and permitting them to select the method, yet where the court also instructed that in no event was plaintiff entitled to more than the amount of the policy with interest and the jury found that by either method he was entitled to that sum, the verdict should be susained.

Interest of insurer: EVIDENCE. One in possession of a building under a contract that upon payment of taxes and interest he may do with it as he pleases, except to sell it, is more than a

tenant at will respecting his insurable interest; he has a life interest subject to performance of his conditions and in estimating his damages for its loss by fire evidence of the probable life of the building, cost of taxes, etc., is competent.

Same: INSTRUCTIONS. A tenant's life expectancy is an essential element in determining the present net value to him of a building destroyed by fire, of which he has the right to a life use; but failure to instruct in relation thereto is not prejudicial where it appears from the evidence that he actually lived for such length of time after the fire that the present value of the use equaled the face of the policy.

See opinion on rehearing, *infra.* .

*Appeal from Carroll District Court.*— HON. S. M. ELWOOD, Judge. '

THURSDAY, SEPTEMBER 29, 1904.

OPINION ON REHEARING THURSDAY, FEBRUARY 7, 1907.

ACTION on a fire insurance policy. Verdict and judgment for plaintiff. Defendant appeals. This is the second trial of the case, a former judgment in plaintiff's favor having been reversed on appeal to this court. See 113 Iowa, 652.

*Sullivan & Sullivan* and *C. E. Reynolds,* for appellant.

*Salinger & Korte,* for appellee.

McCLAIN, J.— The policy on which action is brought was executed in 1894, covering a two-story frame building for the term of six years. The defenses interposed, were, substantially, that the plaintiff had no insurable interest in the property at the time the policy was issued or at the time of the loss; that the plaintiff, in his application for insurance, falsely stated that he was the owner of the building and the land on which it was situated, and that in making such false statement, he violated a condition of the pol-

icy; and, further, that during the existence of the policy, and prior to the loss, there was a change in the title without the consent of the defendant company, in violation of a condition contained in the policy.

I.   As to the plaintiff's insurable interest, the evidence on the last trial was similar to that on the first; and in view of what was said on the former appeal (113 Iowa, 652), it is sufficient simply to reannounce the conclusion then expressed that the evidence showed plaintiff to have such interest, both at the time the policy was issued and at the time of the loss, as to support a contract of insurance. The question whether plaintiff's interest was of sufficient value to warrant the rendition of a verdict for the full amount of the policy, in view of a special provision with reference to the measure of recovery, will be considered in a subsequent paragraph.

II.   It is conceded that plaintiff was not, at the time the policy was issued, the fee-simple owner of the building and the land on which it was situated; but the evidence tended to show that he was in possession, with right of occupancy, under an oral contract with B. C. Wente, the owner, and that the nature of his right was fully stated to Hannisch, the agent of the defendant who wrote the application; that the misstatements in the application as to the plaintiff's interest were due to the failure of Hannisch to correctly put down the information given him by the plaintiff; and that the plaintiff, relying on Hannisch to correctly state the nature of this interest, was not aware of the erroneous statements made in the application.   We do not feel called upon to reconsider what counsel concedes to be the established rule in this State to the effect that, if the facts are known to the company's agent, a misstatement in the application will not avoid the policy, even though it contains the express stipulation that any such statement will render it totally invalid.   The question of fact as to the knowledge of Hannisch in regard to the true condition of

the title and the information with reference thereto given him by the plaintiff was left to the jury on this trial, and we cannot hold that the conclusion which the jury must have reached on this question in order to render a verdict for plaintiff under the court's instructions was without support in the evidence.

III.   As to change of title, the policy contains the following stipulations:  " If the property be sold or transferred, or any undivided interest therein, or mortgaged or

1. Fire insurance: change of title: submission of issue.

incumbered in any manner whatever, or any change take place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance or otherwise, . . . without written permission on this policy, then and in every such case this policy shall be void."   The breach of this condition set up by defendant was that after the execution of the policy and prior to the loss, B. C. Wente, the owner of the fee-simple title, conveyed the premises by warranty deed to his daughter, the wife of the plaintiff; and for the purpose of avoiding the effect of this allegation it was alleged in behalf of the plaintiff in reply that the alleged conveyance by B. C. Wente to the plaintiff's wife was never delivered.   As to this defense the facts are practically conceded by both parties to be that Wente died after the policy was issued, and before the loss, and that after his death plaintiff's wife received from one Bruning a warranty deed to the premises, purporting to be executed by Wente to her before his death, and that she retained possession of this deed, and had it recorded.   The court did not submit to the jury any question as to the effect of this alleged conveyance constituting a change of title such as to avoid the policy, and of this the appellant complains.   But counsel concede that all the affirmative evidence on the question shows without controversy that the deed was not delivered to Mrs. Schaefer until after her father's death.   The facts being undisputed,

we do not see that there was anything to be submitted to the jury.

Counsel contend that the fact of the deed being in possession of Mrs. Schaefer after her father's death raised a presumption that it was delivered to her at the time of

2. Same.
its execution, but this was a mere presumption, and was conclusively negatived by the evidence. It cannot be said, in view of the affirmative evidence, that the naked presumption raised any conflict which should have been submitted to the jury.

Complaint is made of the action of the court in refusing to allow defendant to introduce in evidence a reply filed for plaintiff on the first trial, and subsequently withdrawn,

3. Evidence: exclusion: prejudice.
in which it was admitted that Wente conveyed the premises to Mrs. Schaefer; it being contended that, notwithstanding explanation was made by the attorneys for plaintiff in their testimony that this reply was filed without the knowledge of plaintiff, and without his authority, nevertheless it should have gone for what it was worth; but we reach the conclusion that, even had this reply been received in evidence, the jury would not have been justified in disregarding the conclusive showing that as a a matter of fact the deed from Wente to Mrs. Schaefer was not delivered to her until after the death of the grantor. There was no prejudice, therefore, in excluding the reply.

It is further contended that the court erred in sustaining objections to questions propounded to Mrs. Schaefer on cross-examination as to what Bruning said to her when

4. Evidence: hearsay.
he delivered the deed; but clearly such evidence would have been hearsay and inadmissible. In this connection complaint is also made of the action of the court in sustaining objections to questions propounded to Mrs. Schaefer on cross-examination as to whether she had been in possession of the property after the delivery of the deed to her. These objections are suffi-

ciently disposed of by saying that the questions were not proper on cross-examination. The objections on that ground were properly sustained.

There being no competent evidence of a valid conveyance to Mrs. Schaefer, the court did not err in refusing to submit to the jury any question as to change of title. It is not claimed that the death of Wente and the acquisition by Mrs. Schaefer of an interest in the property as his heir constituted such change of title as to avoid the policy under the stipulation above set out.

IV. The court stated the issues to the jury at some length, setting out more fully than was proper the specific allegations of the various pleadings. It should have con-

5. INSTRUCTIONS: elaboration. fined itself to a concise statement of the material issues, which were not so numerous or complicated as to make an elaborate review of the pleadings necessary; but any error which may have been committed in this respect was cured by a brief statement in a subsequent instruction of the matters which plaintiff was required to prove, and we think the attention of the jury was thus sufficiently directed to the only issues of fact necessary for them to determine in order to reach a conclusion as to whether defendant had any valid defense to a recovery under the policy. As already indicated, it was not necesary to include in this statement any reference to the deed to Mrs. Schaefer set up by defendant as constituting a breach of the condition as to change of title.

V. Various errors are assigned as to the rulings and instructions relating to the proper measure of plaintiff's recovery. It is provided in the policy that defendant agrees

6. INSTRUCTIONS: measure of recovery. " to make good unto the said assured  .  .  . all such immediate loss or damage as may occur by fire or lightning to the property specified, described, and located, but not exceeding the interest of assured " therein. And the court instructed the jury that they should allow the plaintiff " the reasonable market value

of said building when it was destroyed, . . . or
. . . what it was reasonably worth then and there to
replace said building after deducting what, if anything, it
had depreciated between its erection and burning, or
. . . the present worth at six per cent. per annum
. . . of the value of the use of said building for such
time as the evidence so shows that it would have been fit for
plaintiff's use if not burned. . . . But no matter
whether you base your verdict, if any, on cost of replacing,
or value when burned, or net damages from loss of use, your
verdict must not be greater than eight hundred dollars, with
six per cent. per annum interest thereon."

It is evident that this instruction was erroneous, for
under it three measures of damage were given and the jury
was allowed to select whichever measure it saw fit, although
the policy expressly limits recovery to the value of the in-
terest of plaintiff at the time of loss. That is to say, if
the building, when destroyed, was worth $800, or if it
would cost $800 to replace it, after deducting from such
cost the depreciation in value by reason of age and use, then
a verdict for $800 with interest might be returned, although
the jury should find that the value of plaintiff's interest was
less than $800. No doubt, in the absence of this specific
provision limiting the recovery to the value of plaintiff's in-
terest, the plaintiff, having established an insurable inter-
est, and having shown that the policy was not invalid by
reason of any misstatement of the nature of his interest,
could recover the full amount of the loss to the extent of the
insurance; but our attention is not called to any authority
warranting the court in disregarding the limitation of recov-
ery to the value of plaintiff's interest. However, if the
jury properly found that by each of the three standards sug-
gested by the instruction plaintiff was entitled to recover
the full amount of insurance, then a verdict for that amount,
with interest, etc., should be sustained. In answer to a spe-
cial interrogatory, the jury specifically found the amount of

the loss computed in each of these three methods, and found by each computation the plaintiff was entitled to the full amount of insurance.

We are not satisfied, however, with the instructions of the court as to the method of computing the value of plaintiff's interest; and to make clear the conclusion we reach on 7. INTEREST OF this difficult question, as to which, by the INSURER: evidence. way, counsel have furnished no assistance on either side by citation of authorities, it is necessary to set out the testimony of plaintiff with reference to the oral contract with Wente under which he was in possession of the property at the time the policy was issued and at the time of the loss. Plaintiff's testimony constitutes the only evidence on this subject, and is substantially as follows: " The arrangement was, if I pay the taxes and insurance, I could have privilege to do whatever I wanted [with the building] for a harness shop. I lived there, but could not sell it. I could do everything but sell it." He further testified that he went into the possession of the building under this arrangement as soon as it was finished, and either occupied it or rented it continuously until it was destroyed by fire.

The contention for appellant is that plaintiff's right of occupancy was only as tenant at will, and therefore of no pecuniary value; while the court seems to have taken the view that plaintiff had the right to use or rent the building indefinitely so long as he complied with the conditions, and therefore that his interest was the present value of the aggregate amount which the plaintiff could have realized by renting the building for the full period of the life of such building, deducting the expense of repairs and taxes. Accordingly, evidence was received over defendant's objection as to the average life of a frame building, and as to the rental value of this building, and also as to the expense which plaintiff would necessarily incur in paying taxes and keeping up repairs. Our conclusion, briefly stated, is that

plaintiff, under the evidence, was not merely a tenant at will, but that he had the right to the use of the building, subject to be defeated on his failure to comply with the conditions as to paying rent and keeping up repairs. His right was not limited to the lifetime of Wente, nor could it be cut off by a conveyance by Wente to another, for the purchaser, taking with notice of the rights of plaintiff in possession, would hold subject to those rights.

Nor do we see any merit in the contention for appellant that plaintiff's interest was affected in any way by the length of term for which the policy was to run. On the other hand, plaintiff certainly had no more than a life interest. He had no interest which he could convey to another, or which on his death would pass to his heirs, or constitute assets in the hands of his administrator. The court was right, therefore, in receiving the evidence as to the natural life of such a building, and as to the cost of repairs and the amount of taxes which plaintiff would, in the ordinary course of events, be required to pay, but was in error in not directing the jury that they should take into account the natural expectancy of life of plaintiff at the time of the loss, for to determine the value of his life interest such expectancy must necessarily be considered.

It does not appear in the record what plaintiff's age was, nor his expectancy of life, at the time of loss. He may have been of such age that his expectancy of life, and therefore the probable duration of his life estate, was much shorter than the period of the natural life of the building. An essential element for computing the value of plaintiff's interest was, therefore, wanting. This specific objection was not raised before the trial court; but, as counsel for defendant were objecting throughout to any evidence with relation to the duration of plaintiff's interest, and were consistently contending that he had no interest whatever for which he was entitled to recover under his policy, we think it was the duty of the

8. SAME: instruction.

court to correctly instruct the jury on this branch of the case. For error of the court in authorizing recovery for the value of plaintiff's interest on the theory that it might continue to the end of the natural life of the building, the case must be reversed.

Other questions are argued, but they are not such as are likely to arise in the event of a new trial. What we have already said will sufficiently indicate the views of the court as to the theory on which evidence should be received and the case submitted to the jury. *Reversed.*

### SUPPLEMENTAL OPINION.

### THURSDAY, FEBRUARY 7, 1907.

PER CURIAM.— A rehearing was granted on one point only; *i. e.,* whether the error in omitting to instruct the jury to take into consideration the plaintiff's expectancy of life in determining the present net value of the use of the building was prejudicial to the defendant. Upon re-examination this inquiry must be answered in the negative. The plaintiff testified at the last trial, which occurred more than five years after the loss, and he must have been alive when his petition for rehearing was presented two years later. At least he is presumed to have been. His actual expectancy of life, then, was at least as long a time as he has since lived. At any rate he lost the use of the building during that time. The undisputed evidence was that the reasonable rental value of the building would have been from $240 to $300 per annum, and that the taxes, insurance, and repairs would amount to $60 per year. Taking this minimum rental, and the net income would amount to $180 per year, or $900 for the five years, and $1,260 up to the time of presenting the petition for rehearing. As the face of the policy was but $800, this demonstrates that the present value of the use, computed as of the time of the loss, at least equaled the

amount of the indemnity stipulated. No other conclusion reasonably .could be anticipated on another trial, and therefore the error was without prejudice.

In all other respects the opinion heretofore filed is adhered to. This changes the result, however, so that the judgment should be, and it is, *affirmed.*