DAVID ANDERSON, by his next friend, EMIL ANDERSON, Appellant, v. THE FORT DODGE, DES MOINES & SOUTHERN RAILROAD COMPANY, Appellee.

Infants: PERSONAL INJURY: TRESPASS: DANGEROUS PREMISES: CONTRIBUTORY NEGLIGENCE: EVIDENCE. There are cases where the owner of premises will be held liable for injury to a child too young to understand the fact or meaning of trespass, or to care for his own safety when attracted to the premises by some act or omission of the owner which he knows, or as a reasonably prudent person ought to apprehend would render the premises dangerous. But where, as in this case, a boy thirteen years of age climbed upon a freight car standing at defendant's railway station and

from there jumped to the roof of a storage building for electric cars, and when about to jump back to the car was injured by contact with an uninsulated power wire passing above the roof of the building, and it appeared that plaintiff knew he was a trespasser, that the railway was operated by electricity and that electric wires were dangerous, that the roof could only be reached by climbing the cars, that this was the first incident of the kind and no necessity for guards or signs had been indicated to the owner, the plaintiff was guilty of such negligence as to preclude recovery for the injury.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, MARCH 15, 1911.

ACTION at law to recover damages for personal injury. There was a directed verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Ganoe & Ganoe,* for appellant.

*Dyer & Hull,* for appellee.

WEAVER, J.—The facts which are not seriously in dispute, may be stated as follows: The defendant operates an electric railway through the city of Boone. At or near its station in that city and by the side of one of its tracks the company maintains or uses a storage house or building, the roof of which is about on a level with the roof of an ordinary box car standing on the adjacent track. At the height of four feet above the top of this building there are strung some of the company's electric wires which do not appear to have been protected by insulation. The injury of which plaintiff complains occurred May 22, 1909. He was then a lad of twelve years and three months. On the evening in question a box car was standing near the storage building, and plain-

tiff, with three other boys, was idling or playing, in that vicinity. Climbing to the top of the box car, one of his companions dared or "stumped" plaintiff to follow him, and jumped across the intervening space to the roof of the building. Plaintiff performed the feat, and in turning to jump back again came into contact with a wire, receiving a severe shock, and, as he claims, resulting injury. Recovery of damages from the defendant is demanded on the theory that it was negligent in the construction and maintenance of the building and track and in its manner of caring for and managing its said premises; that it was also negligent, in that with knowledge of the danger to be apprehended from said wires it placed and left its cars in such manner as to invite children to play thereon, and expose them to injury; and that it was further negligent in leaving the wires uncovered without notice or warning to put the plaintiff or other persons passing that way upon their guard to avoid injury. These allegation are stated with many repetitions, but to the same substantial effect. The plaintiff, who seems to be a boy of average intelligence and quickness of perception, says he and other boys had frequently been at our about this railway station, and had there indulged in more or less of youthful sport and play. They had at times jumped back and forth between the station platform and standing cars, but so far as the record shows, had never before attempted the jump from a car top to the roof of the storage building. He says he did not play there thinking he had any right to do so, and knew the railway men would drive him off if they saw him. It does not appear that he was aware of the wires strung above the roof, and either from heedlessness or from the darkness of the evening failed to discover them before his injury, although he says he knew there was danger in electric wires. The testimony of the boys who were playing with plaintiff at the time of his injury corroborates his story in most respects. The evi-

dence tends to show that the wires were not insulated, and were not guarded to prevent contact with them by any person crossing the roof, and no warning notice was posted there.   There was also expert testimony that the defendant's wires were strung lower than is usually done in building such systems, and that they are "too low to be safe."   The motion for a directed verdict which the trial court sustained was based on the grounds:   (1) That the evidence did not tend to show negligence on the part of the defendant.   (2) That the evidence did show plaintiff to have contributed to his injury by his own recklessness and negligence.   (3) That plaintiff at the time of his injury was a trespasser and upon defendant's premises without license, and that defendant owed him no duty or care under the circumstances as shown and admitted by his own testimony.

Giving plaintiff the benefit of the most favorable construction which can be placed upon the testimony, we are compelled to hold that he failed to make a case upon which a verdict in his favor could be sustained.   It is true that the courts of the several states are arrayed in apparently irreconcilable conflict upon the question how far, if at all, the ancient doctrine which exonerates a property owner from the duty of considering or caring for the safety of a trespasser upon his premises is applicable where the injured person is a young child who has been attracted to the place of danger by conditions and circumstances created or permitted by the owner, and especially where the owner knows, or as a reasonable person ought to apprehend, the danger of resultant injury to children too young and inexperienced to understand the fact or meaning of trespass or to exercise judgment or care for their own safety. This court has definitely committed itself to the doctrine first clearly affirmed in this country by Dillon, J., in *Stout v. Railroad Co.,* 2 Dill. 294 (Fed. Cas. No. 13,504), and affirmed on appeal in 17 Wall. 657 (21 L.

Ed. 745). That under some circumstances the rule as to injury to trespassers will not be applied to young children who are led or attracted to the premises of another by the act or omission of the owner. See *Edgington v. Railroad Co.*, 116 Iowa, 410; *Fishburn v. Railroad Co.*, 127 Iowa, 483. But the rule of these cases has never been so far extended as to cover injuries received in the manner disclosed by this record. The plaintiff in this case was in his thirteenth year, and, while it would perhaps be too much to say that we can assume as a matter of law that a boy of such age is sufficiently mature to be chargeable with contributory negligence, his evidence clearly discloses that he appreciated the fact that he was a trespasser, and that he would ordered away if discovered. It shows, also, that he knew the railroad was operated by electric power, and knew the dangerous character of wires charged with electricity. So far as appears, this roof had never been used by him or any of his companions as a resort for play or frolic. There was nothing to suggest to the railway company any necessity for guarding the roof of its building against such visitors or to indicate the propriety of placarding its property with notices or warning against injury from wires stretched far above the ground where contact was possible only by climbing to the top of its storehouse.

To say that a property owner must guard against such injury to a trespassing boy simply because it is possible for him in a venturesome spirit to climb into the zone of danger would be intolerable. In every dooryard and on every street side are shade and ornamental trees. To climb trees is as natural to the average boy as to a squirrel. Such sport is always attended with danger that the climber may lose his hold or break a branch and fall to his severe injury. Not infrequently it may bring him to an elevation where he is exposed to contact with wires carrying electric currents of greater or loss intensity. If he falls

and breaks his bones, or if he receives a stunning shock of electricity, ought the owner of the tree to be held liable in damages because he did not guard it against the approach of the lad, or because he did not give notice or warning in some way of the dangers to be apprehended in climbing it? No court has ever gone to such an extent, and the establishment of such rule would render the ownership of real estate a very undesirable investment.  See *Merryman v. Railroad Co.*, 85 Iowa, 634; *Masser v. Railroad Co.*, 68 Iowa, 602; *Carson v. Railroad Co.*, 96 Iowa, 583; *Brown v. Canning Co.*, 132 Iowa, 634; *Keefe v. Electric Co.*, 21 R. I. 575 (43 Atl. 542); *Sullivan v. Railroad Co.*, 156 Mass. 378 (31 N. E. 128).

As the plaintiff's own case reveals him as a conscious trespasser upon defendant's premises, and there is an utter absence of testimony that defendant kept or maintained anything on the roof of its building to attract or draw children thereto, or that if any manner encouraged, invited, or permitted such use of the roof, he was not entitled to go to the jury, and the court did not err in directing a verdict against him.  The same result would have to be reached on the ground of contributory negligence had there been anything in the record tending to show negligence on the part of the defendant.—*Affirmed*.