GERRIT H. BOONE, Appellant, v. A. W. LOHR, Appellee.

**MASTER AND SERVANT:** Assumption of Risk—Assumption of Risk Act—"Appliance"—Instructions—Telephone Lineman. The Assumption of Risk Act (Sec. 4999-a3, Sup. Code, 1913) applies to the work of a telephone lineman whose duty is to ascend the poles and work thereon with an *appliance* furnished by the master. It is therefore erroneous to instruct that the lineman assumed the danger of using the appliance if he knew or, in the exercise of ordinary care, ought to have known its defective condition, and remained in the employment without protest or promise of repair, no claim being made that the danger from using the appliance was imminent, etc.

**MASTER AND SERVANT:** Duty to Warn—Instructions. Instruction, with reference to the duty to warn, reviewed, and *held* not subject to the objections (a) that they tended to create the impression that the jury should find that there were no facts in the record requiring warning and (b) that, in effect, they told the jury when warnings were *not* required, rather than when warnings *were* required.

*Appeal from Sioux District Court.*—HON. W. D. BOIES, Judge.

MONDAY, NOVEMBER 1, 1915.

THIS is an action for damages for personal injuries sustained by plaintiff, a telephone lineman in defendant's employ. It is charged that the snap on plaintiff's safety belt became unfastened from its ring and permitted him to fall about twenty feet from a telephone pole. There was a jury trial and a verdict for defendant. Plaintiff appeals.—*Reversed.*

*J. U. Sammis,* for appellant.

*G. T. Hatley* and *Anthony Te Paske,* for appellee.

PRESTON, J.—Plaintiff's safety belt had been provided by defendant, and the petition charges negligence in failing to provide a reasonably safe appliance to enable him to work on the pole in safety, and charged that the appliance furnished was defective in its original construction, and that defendant was further negligent in failing to warn plaintiff and instruct him in the work and use of the appliance.

The evidence shows that when plaintiff was found, after he fell, the safety belt was not broken or damaged in any way. There was evidence tending to show that, just before the accident, plaintiff was wearing his belt and that he had properly fastened the strap around the pole and fastened the snaps in the rings at both ends. Immediately after the accident, one end of the strap was found to be unsnapped from the ring. Plaintiff's theory was that the snaps and rings were so constructed and were of such a size as permitted the snap, when the lineman supported his weight by his climbers and otherwise, and thus relieved the strap of its tension, to turn in such a position that the outside of the tongue lay against the iron ring; and, when the weight of plaintiff's body was again entrusted to the strap, the pressure of the tongue against the ring opened the snap and freed it from the ring, so that the strap around the pole remained fastened at one end only, and support was no longer furnished by the belt.

The appellee contends that the belt did not become unsnapped, but, as he states it:

"Appellant, immediately preceding the injury, had ascended the pole for the purpose of nailing on a bracket on the pole twelve inches below the lower cross iron, and then to connect up the telephone wire. He nailed on the bracket, apparently over the connecting wire, unfastened his safety belt, then thought of the connecting wire, reached for it, leaned back and fell."

1. It is admitted by both parties that the evidence was

such that it was for the jury to determine the cause of the injury and the manner in which it occurred. The principal complaint is of the instructions, and especially as to the one upon the subject of the assumption of risk. A part of a very long instruction on this subject, one which shows the theory of the trial court is as follows:

1. MASTER AND SERVANT: assumption of risk: Assumption of Risk Act: "appliance": instructions: telephone lineman.

"The general rule is, if defects in appliances are known to the employee, or are discovered by him in the exercise of ordinary care, and he remains in the employment, without protest, and without inducement by promises that the defects shall be remedied, he will be presumed, in the absence of evidence to the contrary, to have waived his objections to the defects, if any. . . . So, in this case, if you find from the evidence that the plaintiff, while in the performance of his duties as an employee of the defendant, was injured as alleged; that no negligence on his part contributed to produce the injury; that the snaps and rings on the belt were defective and unsafe, and were not of the kind and quality generally and reasonably in use for such work, and that the plaintiff did not know and by the exercise of reasonable care and caution could not have known of such defective rings or snaps, if such defects existed, . . . and that the injury was one not reasonably incident to plaintiff's employment, the risk of which he assumed under the law as given you in these instructions, then you will find for the plaintiff, but if you do not so find, or if you find that any negligence of the plaintiff contributed to produce the injuries complained of, then you will find for the defendant."

The appellant's complaint of this instruction is that it is, in conflict with Sec. 4999-a3, Code Supp. 1913 (Acts 33d G. A., Ch. 219), and entirely fails to take such enactments into consideration; that there was no danger imminent and to such an extent that a reasonably prudent person would not have

continued in the prosecution of the work, and no claim of that kind was made; that the effect of the statute should have been explained; and further, that the instruction is erroneous for the further reason that waiver is an affirmative defense, and the jury is not informed that the burden of proof on that issue would rest upon the defendant; and still further, that such a waiver was not pleaded by the defendant—that such issue was not in the case, and, this being so, it was error to instruct upon it at all.

It is apparent that the trial court submitted this phase of the case under the law as it was before the enactment of the statute before cited, and that the court either overlooked the statute or ignored it. Plaintiff's safety belt is an appliance. The statute is applicable. There is no claim that the danger was imminent and to such an extent that a reasonably prudent person would not have continued in the prosecution of the work as provided in the exception in the statute. There is a question whether the question of assumption of risk is in the case at all; but, if it is, the subject should have been covered by an instruction with reference to the statute.

Counsel for defendant say that, assuming that the court erred in the instruction, the error was without prejudice and there ought not to be a reversal on that ground, because the verdict of the jury has support by sufficient evidence. It was said in *In re Bradley,* 117 Iowa 472, that where the errors are such that, in view of the entire record, the Supreme Court can fairly say that no actual prejudice has resulted to appellant, a reversal should not be ordered. And they cite, also, *Schaefer v. Anchor Mutual Fire Ins. Co.,* 133 Iowa 205, to the point that, where no other conclusion than that embodied in the judgment appealed from can reasonably be anticipated on another trial, the error will be disregarded and a reversal denied. But under the record in this case, we think the instruction was prejudicial, and the jury may have been very readily misled.

2. A part of Instruction 7 follows: ''The duty of the

employer to instruct and warn the employee only arises as to dangers which the employer knows or, acting as a reasonably prudent man, has reason to believe the servant is ignorant of. It does not arise as to dangers known to the servant, or that are so open and obvious that by the exercise of ordinary care he would discover them and know them'', etc.

2. MASTER AND SERVANT: duty to warn: instructions.

Appellant complains of the use of the word ''only'' in the second line, and says that it is objectionable because of its tendency, taken with the context, to create the impression in the minds of the jurors that they should find no facts in this case to require warning or instruction, whereas this should have been left as an open question for the jury to determine; and that the effect of the instruction is to tell the jury under what circumstances warning and instruction are not required, rather than to admonish them when they are required. But we think the instruction, taken as a whole, is not susceptible of such a construction.

For the reasons stated, the cause is—*Reversed* and *Remanded*.

DEEMER, C. J., WEAVER and EVANS, JJ., concur.