LOUIS SMITH, Appellant, v. IOWA PUBLIC SERVICE COMPANY, Appellee.

No. 46145.

NOVEMBER 17, 1942.

REHEARING DENIED APRIL 9, 1943.

Edith V. Cover, Robert B. Pike, and Larned F. Brown, all of Sioux City, for appellant.

B. J. Price, of Fort Dodge, and Sifford & Wadden, of Sioux City, for appellee.

SAGER, J.—Appellee is a corporation engaged in the electric light and power business.. In 1930 it entered into an oral contract with a brick plant to supply electrical energy. To accomplish this purpose it was granted the right to construct its lines over the lands of the brick company. At the time of construction there were no structures of any kind in the vicinity. No rights of the public, no use of the highways, or questions of public control are involved.

The power line was constructed with the provisions of the National Safety Code in mind. This is a "set of rules drawn up by the Bureau of Standards for the operation and maintenance of overhead electrical transmission lines, covering all lines of voltage. The Bureau of Standards is a department of the Department of Commerce of the United States Government." This code is universally accepted as a standard of construction and of upkeep. Appellee's lines to the brick plant met every specification of this code, in no respects falling below its requirements, and in a few particulars exceeding them in the interest of safety and permanence. While this code has, insofar as this case is concerned, no legislative sanction, it is difficult to conceive a better test of care than compliance with its provisions.

It is not seriously argued that there were any defects in the original construction but appellant charges that there was negligence in these particulars: (1) Failure to insulate near and above the line (2) failure to locate the wires sufficiently above the sign to prevent injury to workmen (3) failure to raise the lines to a safe clearance (4) failure to reconstruct the lines to avoid such clearance (5) failure to warn appellant of danger (6) failure to properly inspect.

It is to be kept in mind that appellant was not a servant of appellee but of the sign company. We have said that this line was built in 1930, in accordance with approved standards, and the record establishes that it was so maintained to the date of

the accident. Several years after said date appellant's employer secured permission to erect a sign on the land already occupied by appellee's lines. Pursuant to that consent it constructed a sign and carried its elevation up under and so close to the electric wires as to make, as the event demonstrated, a place of danger for men working on the sign.

On June 11, 1941, appellant, a laborer forty-nine years old, was sent by the assistant manager of the sign company to remodel the sign. This manager was familiar with the situation, having been a part of the crew which originally set up the sign. On the date last mentioned, appellant, under the direction of his superior, went up to near the top of the sign to cut off a board. The day was wet, appellant's clothing damp, and the surroundings generally conducive to electrical conductivity. Notwithstanding this, appellant was given no warning of any special hazards. There is some claim by appellee that its representatives who happened to be present at the time warned against working under the conditions prevailing. It is urged, too, that appellant admitted having been mildly shocked that morning, and that he was not afraid. He admitted saying something to that effect but said he was only "kidding." In any event, having finished the work he was sent to do, he started to come down. While thus engaged he came within six or eight inches of a wire and the current "jumped," giving him a shock which caused his fall. At the conclusion of the testimony the trial court directed the verdict for appellee and this appeal results. The question presented is easier stated than solved. What negligence of appellee was the proximate cause of appellant's injury? We assume for the purpose of this opinion that the jury could have found the appellant free from negligence. The trial court by its ruling found no neglect of duty owed by appellee to the injured workman, nor do we.

The briefs cite many cases from foreign jurisdictions, but to analyze them would be a thankless as well as an unnecessary task. There is much conflict among them. Our own decisions have definitely announced rules generally applicable to this class of cases, and with them we are content. As is to be expected, no case exactly like this in its facts will be found. Appellee relies greatly on Dilley v. Iowa Pub. Serv. Co., 210

Iowa 1332, 227 N. W. 173. But it requires no argument to convince that there is little similarity between a case where a boy's kite becomes tangled in a so-called "high line" and one like this, where a corporation, with full knowledge of conditions, builds a sign up to within a few feet of wires carrying something near 13,000 volts. Appellant apparently senses that the negligence of the sign company may have been the proximate cause of his injury when he speaks of possible "concurrent negligence."

The parties cite these cases: Toney v. Interstate Power Co., 180 Iowa 1362, 163 N. W. 394; Cawley v. Peoples G. & E. Co., 193 Iowa 536, 187 N. W. 591; Evans v. Oskaloosa T. & L. Co., 192 Iowa 1, 181 N. W. 782; Hanna v. Central States Elec. Co., 210 Iowa 864, 232 N. W. 421; Lipovac v. Iowa R. & L. Co., 202 Iowa 517, 210 N. W. 573; Loveless v. Town of Wilton, 193 Iowa 1323, 188 N. W. 874; Beman v. Iowa Elec. Co., 205 Iowa 730, 218 N. W. 343; Graves v. Interstate Power Co., 189 Iowa 227, 178 N. W. 376; Knowlton v. Des Moines Edison L. Co., 117 Iowa 451, 90 N. W. 818; Graham v. City of Ames, 196 Iowa 337, 192 N. W. 299; Nelson v. F. W. Woolworth & Co., 211 Iowa 592, 231 N. W. 665; Keeran v. Spurgeon Merc. Co., 194 Iowa 1240, 191 N. W. 99, 27 A. L. R. 579; McKiddy v. Des Moines Elec. Co., 202 Iowa 225, 206 N. W. 815; Dilley v. Iowa Pub. Serv. Co., supra; Anderson v. Ft. Dodge, D. M. & S. R. Co., 150 Iowa 465, 130 N. W. 391; Anderson v. Ft. Dodge, D. M. & S. R. Co., 208 Iowa 369, 226 N. W. 151.

None seem to require a result different from that reached by the trial court. In every case in which a judgment for plaintiff was sustained there appeared a situation in which ordinary prudence dictated to the purveyor of electrical current precautions, the absence of which resulted in injury. In each, the accident happened at a place where the defendant should, and in the exercise of ordinary care would, have known that there was danger to those who had a right to be there.

The members of the profession who are interested in further examining the principles of law here involved are referred to annotation to City of Henderson v. Ashby, 179 Ky. 507, 200 S. W. 931, 14 A. L. R. 1018, 1023; annotation to Humphrey v. Twin State Gas & Elec. Co., 100 Vt. 414, 139 A. 440, 56 A. L. R.

340

1011, 1021; A. L. R. Blue Book, 1943 Revision; 29 C. J. S., Electricity, section 38 et seq.

Motion to dismiss appeal filed by appellee has been considered and is overruled.

The judgment of the trial court is accordingly affirmed.— Affirmed.

WENNERSTRUM, C. J., and HALE, GARFIELD, STIGER, MILLER, and MITCHELL, JJ., concur.