Steven J. ADAM, Appellee,

v.

T. I. P. RURAL ELECTRIC
COOPERATIVE, Appellant.

No. 61201.

Supreme Court of Iowa.

Nov. 22, 1978.

John T. Ward and Robert M. Holliday of Wasker, Sullivan & Ward, Des Moines, for appellant.

Everett Meeker of Livingston, Day, Kehoe, Meeker & Bates, Washington, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

Defendant T.I.P. Rural Electric Cooperative appeals from judgment entered upon a jury verdict for plaintiff Steven J. Adam in his negligence action for personal injury

damages based on an electrical accident. The questions concern the sufficiency of Adam's pleading and proof to support the verdict, the trial court's giving and refusal of certain instructions, and the constitutionality of the presumption of negligence under § 489.16, The Code, 1975. Although we find no merit in the utility's other contentions, we hold the trial court erred in refusing to give the substance of the utility's requested instruction on its claim that the sole proximate cause of the accident was negligence of Adam's employer. On that ground we reverse and remand.

Adam was employed by Iowa Culvert Builders, Inc., which had been hired by the board of supervisors to do culvert work in the summer of 1971 in connection with the widening of 7.5 miles of east-west White Pigeon Road in Keokuk County. The utility owned a 7200 volt three phase transmission line which ran parallel to the road in the right-of way, approximately one foot from the fence line. As the new right-of-way was staked out by the county engineer the utility moved its line to a corresponding position in it.

At the site of the accident involved here the line was on the south side of the road in its new position in the widened right-of-way. In the afternoon of August 16, 1971, Adam was one of a five-man crew engaged in putting in a new culvert directly beneath the transmission line. Dale Ferns was the culvert company superintendent in charge of the operation. A mobile crane with a bucket suspended from a 35-foot boom was being used to move cement from a truck to the work area. Adam's responsibility was to steady the bucket and dump the cement where it was needed.

At approximately 3:30 p. m., while Ferns was temporarily absent from the job site, Adam reached out to steady a bucket of cement. The crane boom or cable contacted the electricity in the transmission line and Adam received a severe electrical shock which knocked him unconscious and injured him seriously.

Adam subsequently brought this action against the utility seeking damages for his injuries. He alleged eight grounds of negligence and at trial relied on the presumption of negligence in § 489.16, The Code, 1975. The utility contended he could not rely on the statute because he did not plead it and because it is unconstitutional. In addition the utility sought a directed verdict based on insufficiency of the evidence to support Adam's claim, excepted to instructions submitting two specifications of negligence, objected to the court's refusal of its requested instruction on its defense, and, after the verdict for plaintiff, moved alternatively for judgment notwithstanding the verdict or for new trial on the same grounds. In this appeal the utility assigns the adverse trial court rulings on these issues as error.

I. *The presumption of negligence of § 489.16, The Code, 1975.* In material part § 489.16, The Code, 1975, provides the following as to transmission lines under the jurisdiction of the state commerce commission: "In case of injury to any person or property by any such transmission line, negligence will be presumed on the part of the person or corporation operating said line in causing said injury, but this presumption may be rebutted by proof." This provision is § 478.16 in the 1977 Code.

The utility contends the trial court erred on three grounds in instructing the jury on the presumption. It asserts Adam did not plead the presumption, the statute denies due process and equal protection, and, in any event, the presumption was overcome by the evidence as a matter of law.

■ A. *Pleading the presumption.* The utility alleges that in order to obtain the benefit of the presumption a plaintiff must plead reliance upon it or plead the defendant's general negligence. This principle is established in *Shettler v. Farmers Light and Power Company*, 233 Iowa 1243, 1246, 11 N.W.2d 394, 396 (1943) "this presumption . . . would apply only where general negligence is pleaded", and *Isaacs v. Eastern Light and Power Cooperative*, 236 Iowa 402, 19 N.W.2d 208 (1945).

However, the principle does not help the utility here because Adam did plead the

utility's general negligence. At least one of the eight allegations of negligence was general. In it Adam alleged the utility was negligent because it "did not restrain the electricity in its electric transmission line from escaping and electrocuting the plaintiff . . .". This allegation simply accuses the utility of causing the accident by failing to exercise due care to prevent it. It is general rather than specific.

All of the allegations of negligence were contained in the same count of the single-count petition, but this is permitted under rule 69, Rules of Civil Procedure. See also *Eaves v. City of Ottumwa*, 240 Iowa 956, 968, 38 N.W.2d 761, 768 (1940).

Adam's pleading was sufficient to invoke the statutory presumption.

■ B. *The constitutionality of the statute.* The utility attacks the statute on due process grounds under the Fourteenth Amendment and Article I § 9 of the Iowa Constitution. The attack is predicated on the argument that "there is no rule defining the quantum of proof necessary for rebuttal." However, there is such a rule. In *Isaacs v. Eastern Iowa Light & Power Co-op.*, 236 Iowa 402, 407, 19 N.W.2d 208, 210 (1945), the court said: "To overcome the presumption the evidence must be clear and convincing."

Under this rule the presumption permits a finding of negligence unless the trier of fact is persuaded by clear and convincing evidence that the utility was not negligent. The issue can be taken from the trier of fact only when the court can say as a matter of law the rebutting evidence was of such magnitude that it completely overcame the presumption at all points. *Id.*

A presumption of this kind does not abridge due process under the federal or state constitutions. *Mobile, J. & K. C. R. R. v. Turnipseed*, 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78 (1910). It is not irrational for a legislature to require a utility to prove its due care when defending against claims for injury to person or property caused by the escape of electricity from its transmission lines. See *Peterson v. Iowa State Commerce Comm.*, 256 Iowa 964, 129 N.W.2d 656 (1964); IV Wigmore on Evidence § 1356a (Chadbourn Rev. 1972); McCormick on Evidence § 344 at 817–819 (Second Ed. 1972).

We find no merit in the utility's due process attack on § 489.16.

■ The utility argues that the statute denies equal protection because it arbitrarily discriminates against rural utilities. This is based on the fact the statute is not applicable to injuries caused by transmission lines located within cities and towns. See *Taschner v. Iowa Electric Light and Power Company*, 249 Iowa 673, 86 N.W.2d 915 (1957).

The problem with this argument is that the statute does not make the classification which is challenged. It does not purport to say negligence is presumed when injury is caused by a line outside municipal boundaries but not when injury is caused by a line within them. Rather, it says negligence is presumed when injury is caused by a transmission line covered by the provisions of chapter 489 of the 1975 Code. In turn, the Code chapter establishes the jurisdiction and franchise authority of the state commerce commission over transmission lines located outside of municipalities. § 489.1, The Code, 1975. The legislature separately vested cities and towns with jurisdiction and franchise authority over utilities within municipalities. § 364.2, The Code, 1975.

Thus, the legislature created the statutory presumption for lines over which it gave jurisdiction to the commerce commission. It left it to cities and towns to determine whether a similar provision should govern lines within their jurisdiction. The resulting classification is based upon the principle of municipal autonomy, now exemplified in the home rule amendment to the Iowa Constitution. See *Bechtel v. City of Des Moines*, 225 N.W.2d 326 (Iowa 1975). This principle furnishes a rational basis for the classification under principles explained in *City of Waterloo v. Selden*, 251 N.W.2d 506 (Iowa 1977).

The legislature did not deny rural utilities equal protection by authorizing municipalities to decide for themselves what regulations to impose upon transmission lines within their boundaries.

The utility's equal protection attack on § 489.16 is without merit.

■ C. *Sufficiency of evidence to rebut the presumption.* In seeking a directed verdict and in excepting to the trial court's instruction on the presumption, the utility contended its evidence had rebutted the presumption as a matter of law.

This court has found the evidence sufficient to overcome the presumption as a matter of law in only one case, *Nelson v. Iowa-Illinois Gas and Electric Company,* 160 N.W.2d 448 (Iowa 1968).

One controlling fact is sufficient to distinguish the present case from *Nelson.* In that case the utility "did not have the slightest notice or knowledge the crane was to be used near its line. It learned of the project only after decedent was electrocuted." *Id.* at 453. In the present case the utility had notice of the culvert company's activities near its line.

The utility's line superintendent met with culvert company superintendent Ferns on July 13, 1971, more than a month before the accident. The men discussed the danger of the culvert company's work interfering with the utility's line. They agreed Ferns should notify the utility when the culvert work would occur near the transmission line. The utility superintendent had earlier overheard Ferns threaten to strike the line if it got in a crane's way but did not confront Ferns with this information.

After the agreement was reached, Ferns on one occasion did notify the utility of proposed blasting activity near its line, but Ferns proceeded with the blasting before the scheduled time without waiting for a utility representative to arrive. The utility superintendent knew of this incident before the date of Adam's injury.

Although the utility offered evidence that its line was in compliance with applicable safety requirements at the time Adam was injured, we believe it was for the jury to say whether the utility's proof was sufficient to overcome the presumption in these circumstances. Under principles explained in *Cronk v. Iowa Power and Light Co.,* 258 Iowa 603, 138 N.W.2d 843 (1965), proof of the utility's compliance with National Electrical Safety Code standards was relevant but not conclusive on the issue of due care. The jury might well find the utility should have taken additional precautions because of its knowledge of the culvert company's activities.

In view of our rejection of the utility's assignments of error relating to the presumption of negligence, we also hold the trial court did not err in overruling the utility's motions for directed verdict and for judgment notwithstanding the verdict.

■ II. *Sufficiency of evidence to support submission of specifications of negligence.* The utility excepted to two instructions in which the trial court submitted allegations of negligence for jury consideration. In one of them the court permitted the jury to consider whether the utility exercised due care to maintain a safe line, and in the other the court submitted a specification concerning the utility's duty to warn. Although the first instruction was based on an allegation which lacked specificity, the utility did not object to the instruction on that ground. Instead, the utility asserted that the two instructions were not supported by sufficient evidence.

Applicable principles are delineated in *Cronk v. Iowa Power and Light Co.,* 258 Iowa 603, 138 N.W.2d 843 (1965), and *Porter v. Iowa Power and Light Co.,* 217 N.W.2d 221, 234 (Iowa 1974). Applying these principles to the evidence in this case, we hold the instructions had substantial support in the evidence. Even though Adam was aware of the line, it was for the jury to say whether he appreciated the danger sufficiently to obviate the necessity of a warning or other precautions.

■ III. *The trial court's refusal to give the utility's requested instruction on the negligence of Adam's employer.* The trial court's instruction 15 was as follows:

Defendant contends that the sole proximate cause of the accident involved herein was the negligence of Iowa Culvert Builders, its employee, Dale Ferns, or its employee crane operator, Harlan Crissy, and that if the defendant was negligent, as alleged in plaintiff's petition, such negligence was not a proximate cause of the accident and resulting injuries to plaintiff.

Before the plaintiff can recover, he must establish by a preponderance of the evidence that the defendant was negligent in one or more of the particulars alleged by plaintiff and that such negligence was a proximate cause of the accident and resulting injuries to plaintiff.

If you find by a preponderance of the evidence that Iowa Culvert Builders, its employee, Dale Ferns, or its crane operator, Harlan Crissy, was the sole proximate cause of the accident and injuries to the plaintiff, then the plaintiff cannot recover against defendant.

The utility submitted a proposed instruction on the same subject which provided in material part:

You are instructed that it is the law of the State of Iowa in the operation of cranes that:

1. Standard operating signals shall be agreed upon and shall be used to direct all operations.

2. Tag lines or guide ropes shall be used on loads that are liable to swing or must be guided through a restricted space. The signalman or operator shall determine that the proper sling is being used and that it is correctly applied before the load is lifted.

3. An operator shall not operate a crane, derrick, or hoist where any part of the equipment or load being moved comes within ten feet of an energized electric power line rated at 35 kv or below.

\* \* \* \* \* \*

In objecting to the trial court's instruction and in excepting to the court's refusal to substitute his proposed instruction, counsel for the utility contended the court should instruct upon the specific departmental rule violations upon which the utility rested its defense that the sole proximate cause of the accident was negligence of Adam's employer. Counsel called the court's attention to the principle in *Porter v. Iowa Power and Light Company*, supra, 217 N.W.2d 234, that "Where a party requests an instruction stating a correct rule of law having application to the facts of the case, and the concept is not otherwise embodied in the court's instructions, he is entitled to have his requested instruction or its substance given."

We agree with the utility that the quoted part of its proposed instruction met this standard.

The utility had introduced into evidence the three relevant departmental rules which it alleged the culvert company violated. They are found among the employment safety rules in 1971 Iowa Departmental Rules at 237, §§ 3.12(3)(a), 3.12(3)(e), and 3.12(5)(a). These rules have the force of law. *Jorgensen v. Horton*, 206 N.W.2d 100, 102 (Iowa 1973). A violation of them by an employer is negligence per se as to his employee. *Koll v. Manatt's Transp. Co.*, 253 N.W.2d 265, 270 (Iowa 1977).

Substantial evidence existed from which the jury could find the sole proximate cause of the accident was a violation by Adam's employer of one or more of these rules at the time of the accident. The utility made an appropriate record to preserve error because it alerted the trial court in timely manner through its exception and requested instruction that the court's instruction on the defense was not sufficiently specific.

In these circumstances it was reversible error for the trial court to instruct only generally on the employer's duty of due care rather than specifically on the alleged rule violations as requested by the utility.

Because the case must be reversed and remanded for new trial, we believe it is necessary to address a problem not discussed by the parties but which is presented by the manner in which the defense was raised. The problem concerns which party has the burden of proof on the issue. This

problem is referred to in the caveat which accompanies Uniform Jury Instruction 2.7 (Civil).

 In this case the issue was not pled by the utility as an affirmative defense but was raised under a general denial. We have recognized the right of a defendant to urge the defense without pleading it. *Kuehn v. Jenkins*, 251 Iowa 557, 100 N.W.2d 604 (1960). When a defendant pleads that third party negligence was the sole proximate cause of a plaintiff's damages, we have consistently held he has the burden to prove his allegation by a preponderance of the evidence. *Sayre v. Andrews*, 259 Iowa 930, 146 N.W.2d 336 (1966); *McMaster v. Hutchins*, 255 Iowa 39, 43, 120 N.W.2d 509, 511 (1963). However, we have not had occasion to decide whether a different rule applies when the defense is not pled in the defendant's answer.

We see no reason for a different rule to apply when the defense is not alleged in the answer. The reason for not requiring the defense to be pled is that it seeks to negate an element in the claimant's case instead of asserting new facts in avoidance of the claim. See *Kuehn v. Jenkins*, supra. See also *Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (8 Cir. 1974). There is no magic in failing to plead the theory; it is the same doctrine whether pled or not.

When the sole proximate cause defense is in the case it is logical that the burden of proof on it be placed upon the same party, whether the defense came into the case under an affirmative pleading or a general denial. Pleading or not pleading does not control the allocation of burden of proof. *Harlan v. Passot*, 260 Iowa 501, 504, 150 N.W.2d 87, 89 (1967). Rather, the burden of proof on an issue is ordinarily upon the party who would suffer loss if the issue were not established. Rule 14(f)(5), R.App.P.

In order to recover, the plaintiff must prove the defendant's negligence was a proximate cause of his damages. The plaintiff thus bears the risk of nonpersuasion on establishing the defendant's negli-

gence as a substantial factor in causing his damages. When a defendant denies this element, he may rely on the insufficiency of the plaintiff's proof and he may also attempt to negate the plaintiff's proof by relying on evidence of the negligence of a third party as the sole proximate cause of the plaintiff's damages. When that is done it is not reasonable to impose an additional burden on the plaintiff to show either that the third party was not negligent, or, if the third party was, that such negligence was not the only substantial factor which caused his damages. The third party is the target of the defendant, not of the plaintiff. Therefore it is more appropriate for the defendant who introduced the issue of the third party's conduct into the case to bear the risk of loss on the defense. This is true even when the defendant raises the issue under a general denial.

Consequently we hold that upon retrial, if the defense is again urged, the jury should be told the utility has the burden of proof on it.

Because we hold that the trial court erred in refusing to incorporate the utility's specific allegations of third party negligence in its instruction on the defense, we reverse and remand for new trial.

REVERSED AND REMANDED.