# MOBILE, JACKSON & KANSAS CITY RAILROAD COMPANY *v.* TURNIPSEED, ADMINISTRATOR.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 59. Submitted November 30, 1910.—Decided December 19, 1910.

A general classification in a state statute resting upon obvious principles of public policy does not offend the equal protection provision of the Fourteenth Amendment because it includes persons not subject to a uniform degree of danger.

An employé of a railway company, although not engaged in the actual operation of trains, is nevertheless within the general line of hazard inherent in the railway business.

A state statute abrogating the fellow-servant rule as to employés of railway companies is not unconstitutional under the equal protection provision of the Fourteenth Amendment because it applies to all employés and not only to those engaged in the actual operation of trains; and so held as to § 3559 of the Mississippi constitution of 1890.

Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact is within the general power of government to enact rules of evidence; and neither due process of law nor equal protection of the law is denied if there is a rational connection between the fact and the ultimate fact presumed, and the party af-

fected is afforded reasonable opportunity to submit to the jury all the facts on the issue.

It is not an unreasonable inference that a derailment of railway cars is due to negligence in construction, maintenance or operation of the track or of the train, and the provisions of § 1985 of the Mississippi Code of 1906, making proof of injury inflicted by the running of cars or locomotives of a railway company *prima facie* evidence of negligence on the part of servants of the company, does not deprive the companies of their property without due process of law or deny to them the equal protection of the law.

Such a statute in its operation only supplies an inference of liability in the absence of other evidence contradicting such inference.

THE facts, which involve the constitutionality under the equal protection clause of the Fourteenth Amendment of certain provisions of the Code and of the constitution of the State of Mississippi, are stated in the opinion.

*Mr. James N. Flowers* for plaintiff in error:

Section 3559, Annotated Code, as now construed by the Supreme Court of Mississippi, violates the Fourteenth Amendment in that it denies to railroad corporations the equal protection of the laws. Said section is constitutional as construed by that court in *Ballard* v. *Cotton Oil Co*, 81 Mississippi, 507, and *Bradford Construction Co.* v. *Heflin*, 88 Mississippi, 362. That state statutes may abolish the fellow-servant rule in part as to employés of railroad companies and leave it in full operation as far as it affects the rights of servants of other masters is conceded, *Minneapolis &c. Ry. Co.* v. *Herrick*, 127 U. S. 210; *Tullis* v. *Lake Erie &c. Ry. Co.*, 175 U. S. 348; *Missouri Pacific Ry. Co.* v. *Mackey*, 127 U. S. 205; *Gulf, C. & S. F. Ry. Co.* v. *Ellis*, 165 U. S. 150, but they can do so only as to such employés as are emperilled by the hazardous nature of the business of operating railroad trains. A trackman is in no more danger from the operation of trains than is a telegraph operator.

The statute cannot be consistently applied to the case

of employés, except those who take part in the actual
operation of trains, or whose duties expose them to dan-
gers from the actual operation of trains.  The dangerous
part of the railroad business, which justifies the classifica-
tion of it as a dangerous business, is the running of trains.
The statute only applies to those who take part in such
dangerous business, or whose duties expose them to such
dangers.

To determine whether the person injured is entitled to
the protection of § 193 of the state constitution, one
should not look at the character of the employment of
the person whose negligence caused the injury, but to the
character of the employment of the person who was him-
self injured.

In this case the man killed was engaged in no dangerous
business.  His injuries did result from a running train, the
said train having been derailed and turned over on him.

The deceased was not even engaged about the duties
of his employment at the time he was hurt, but had
stopped at the noon hour and was walking along the track.
His duties did not require him to be where he was.  It was
a place of his own selection.  He cannot be said to have
been engaged in a dangerous employment just because he
worked on the track and a train running along the track
might jump the track and fall on him.  *Railway Co.* v.
*Mackey, supra; Tullis* v. *Railroad Co.,* 175 U. S. 351;
*Blomquist* v. *Great Northern R. R. Co.,* 65 Minnesota, 69;
*Jemming* v. *Great Northern R. R. Co.* (Minn.), 1 L. R. A.
(N. S.) 702; *Anderson* v. *Railroad Co.,* 74 Minnesota, 432.

Cases allowing the railroad employé to plead such stat-
utes have proceeded on the idea that the particular branch
of employment was hazardous.  *Railroad Co.* v. *Pontius,*
157 U. S. 200; *Dunn* v. *Railroad Co.,* 107 N. W. Rep. 616;
*Callahan* v. *Railroad Co.,* 170 Missouri, 473, affirmed in
194 U. S. 826.

In the effort to make it easy to fasten liability upon

railroad companies the Mississippi legislature has gone to
the extreme. The necessary effect of § 1985 of the Mis-
sissippi Code of 1906 is to make railroad corporations lia-
ble in every instance of damage to persons or property
unless it is able to meet successfully the burden of proving
its innocence. The burden of proof is shifted to the de-
fendant and railroad corporations are put in a class to
themselves. It is legislation directed specially against
railroads. There is no reason in the classification. It is
arbitrary and makes it easier to recover against railroad
defendants than against any other defendants. It is a
burden put upon them which is put upon no other class of
litigants.

The inherent danger of railroading is not a matter to be
taken into consideration in the enactment of rules of evi-
dence or of law pertaining to the enforcement of rights of
action for injuries inflicted by running trains. The "dif-
ference" between railroad companies and other persons
and corporations in this regard does not bear a reasonable
and just relation to the subject in respect of which the
classification is proposed, and therefore such classification
is arbitrary. *Atchison, T. & S. F. R. R. Co.* v. *Matthews,*
174 U. S. 96.

The statute, although upheld, was recognized as being
on the border line; four members of this court condemned
it. *Missouri Pacific R. R. Co.* v. *Humes,* 115 U. S. 512;
*Railroad Co.* v. *Paul,* 173 U. S. 404, distinguished; and
see *Ballard* v. *Oil Co., supra; Bradford Construction Co.* v.
*Heflin, supra; Gulf, C. & S. F. Ry. Co.* v. *Ellis,* 165 U. S.
150.

This statute will bear upon railroad companies in a dis-
criminating and unequal way and deprive them of their
property without due process of law. No law authoriz-
ing persons to recover of railroad companies on unjust
and illegal claims can be justified on grounds of public
policy.

*Mr. C. H. Alexander* and *Mr. Chalmers Alexander* for defendant in error:

The work in which Hicks was engaged was such as habitually placed him within the hazards contemplated by the Mississippi constitution.    See cases in opinion of state court and *Keatley* v. *I. C. R. R. Co.*, 103 Iowa, 282; *Haden* v. *R. R. Co.*, 92 Iowa, 227; *Dunn* v. *Chicago R. R. Co.*, 130 Iowa, 580; *Jenning* v. *R. R. Co.*, 1 L. R. A. (N. S.) 702; *Williams* v. *R. R. Co.*, 121 Iowa, 270; *Croll* v. *Atchison R. R. Co.*, 57 Kansas, 548; *Brown* v. *Yazoo R. R. Co.*, 88 Mississippi, 687.    It is applicable to all railroad companies, hence there is no injustice in the operation of the statute.    For similar statutes see § 3148 of the general statutes of Florida, 1906.    For Arkansas see Sand. & H. Dig., § 6349.    For Georgia see 73 Georgia, 499; 79 Georgia, 305.    For Alabama see *Georgia Cent. R. R. Co.* v. *Turner*, 145 Alabama, 441.    For North Carolina, 120 N. C. 489. For Tennessee see *Horn* v. *Railroad Co.*, 1 Coldw. 72.    For Colorado, Kentucky, Maryland, Louisiana, North Dakota, South Carolina and other States see the numerous citations in 33 Cyc. 1274.

MR. JUSTICE LURTON delivered the opinion of the court.

This was an action in tort for the wrongful killing of Ray Hicks, a section foreman in the service of the railroad company.    There was a judgment for the plaintiff in a circuit court of the State of Mississippi, which was affirmed by the Supreme Court of the State.

The Federal questions asserted, which are supposed to give this court jurisdiction to review the judgment of the Supreme Court of the State, arise out of the alleged repugnancy of §§ 3559 and 1985 of the Mississippi Code to that clause of the Fourteenth Amendment of the Constitution which guarantees to every person the equal protection of the laws.

Section 3559 of the Mississippi Code of 1892, being a rescript of § 193 of the Mississippi constitution of 1890, abrogates, substantially, the common law fellow-servant rule as to "every employé of a railroad corporation." It is urged that this legislation, applicable only to employés of a railroad company, is arbitrary, and a denial of the equal protection of law, unless it be limited in its effect to employés imperiled by the hazardous business of operating railroad trains or engines, and that the Mississippi Supreme Court had, in prior cases, so defined and construed this legislation. *Ballard* v. *Mississippi Cotton Oil Co.*, 81 Mississippi, 532; *Bradford Construction Co.* v. *Heflin*, 88 Mississippi, 314.

It is now contended that the provision has been construed in the present case as applicable to an employé not subject to any danger or peril peculiar to the operation of railway trains, and that therefore the reason for such special classification fails, and the provision so construed and applied is invalid as a denial of the equal protection of the law.

This contention, shortly stated, comes to this, that although a classification of railway employés may be justified from general considerations based upon the hazardous character of the occupation, such classification becomes arbitrary and a denial of the equal protection of the law the moment it is found to embrace employés not exposed to hazards peculiar to railway operation.

But this court has never so construed the limitation imposed by the Fourteenth Amendment upon the power of the State to legislate with reference to particular employments as to render ineffectual a general classification resting upon obvious principles of public policy because it may happen that the classification includes persons not subject to a uniform degree of danger. The insistence, therefore, that legislation in respect of railway employés generally is repugnant to the clause of the Constitution

guaranteeing the equal protection of the law merely because it is not limited to those engaged in the actual operation of trains is without merit.

The intestate of the defendant in error was not engaged in the actual operation of trains. But he was nevertheless engaged in a service which subjected him to dangers from the operation of trains, and brought him plainly within the general legislative purpose. The case in hand illustrates the fact that such employés, though not directly engaged in the management of trains, are nevertheless within the general line of hazard inherent in the railway business. The deceased was the foreman of a section crew. His business was to keep the track in repair. He stood by the side of the track to let a train pass by; a derailment occurred and a car fell upon him and crushed out his life.

In the late case of *L. & N. Railroad* v. *Melton,* 218 U. S. 36, an Indiana fellow-servant act was held applicable to a member of a railway construction crew who was injured while engaged in the construction of a coal tipple alongside of the railway track. This whole matter of classification was there considered. Nothing more need be said upon the subject, for the case upon this point is fully covered by the decision referred to.

The next error arises upon the constitutionality of § 1985 of the Mississippi Code of 1906. That section reads as follows:

"Injury to Persons or Property by Railroads *prima facie* Evidence of Want of Skill, etc.—In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. This section shall also apply to passengers and employés of railroad companies."

The objection made to this statute is that the railroad

companies are thereby put into a class to themselves and deprived of the benefit of the general rule of law which places upon one who sues in tort the burden of not only proving an injury, but also that the injury was the consequence of some negligence in respect of a duty owed to the plaintiff.

It is to be primarily observed that the statute is not made applicable to all actions against such companies. Its operation is plainly limited, first, to injuries sustained by passengers or employés of such companies; second, to injuries arising from the actual operation of railway trains or engines, and third, the effect of evidence showing an injury due to the operation of trains or engines is only "*prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury."

The law of evidence is full of presumptions either of fact or law. The former are, of course, disputable, and the strength of any inference of one fact from proof of another depends upon the generality of the experience upon which it is founded. For a discussion of some common law aspects of the subject see *Cincinnati &c. Ry.* v. *South Fork Coal Co.*, 139 Fed. Rep. 528 *et seq.*

Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of government. Statutes, National and state, dealing with such methods of proof in both civil and criminal cases abound, and the decisions upholding them are numerous. A few of the leading ones are *Adams* v. *New York*, 192 U. S. 585; *People* v. *Cannon*, 139 N. Y. 32; *Horne* v. *Memphis &c. Ry.*, 1 Coldwell (Tenn.), 72; *Meadowcroft* v. *The People*, 163 Illinois, 56; *Commonwealth* v. *Williams*, 6 Gray, 1; *State* v. *Thomas*, 144 Alabama, 77.

We are not impressed with the argument that the Supreme Court of Mississippi, in construing the act, has de-

clared that the effect of the statute is to create a presumption of liability, giving to it, thereby, an effect in excess of a mere temporary inference of fact. The statutory effect of the rule is to provide that evidence of an injury arising from the actual operation of trains shall create an inference of negligence, which is the main fact in issue. The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done the inference is at an end, and the question of negligence is one for the jury upon all of the evidence. In default of such evidence, the defendant, in a civil case, must lose, for the *prima facie* case is enough as matter of law.

The statute does not, therefore, deny the equal protection of the law or otherwise fail in due process of law, because it creates a presumption of liability, since its operation is only to supply an inference of liability in the absence of other evidence contradicting such inference.

That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed.

If a legislative provision not unreasonable in itself prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him.

Tested by these principles, the statute as construed and

applied by the Mississippi court in this case is unobjectionable. It is not an unreasonable inference that a derailment of railway cars is due to some negligence, either in construction or maintenance of the track or trains, or some carelessness in operation.

From the foregoing considerations it must be obvious that the application of the act to injuries resulting from "the running of locomotives and cars," is not an arbitrary classification, but one resting upon considerations of public policy arising out of the character of the business.

*Judgment affirmed.*