**Carolyn Bauernschmidt PURIFOY et al.**

v.

**MERCANTILE–SAFE DEPOSIT AND TRUST COMPANY, Trustee, et al.**

**Civ. A. No. N–72–1040.**

United States District Court,
D. Maryland.

March 20, 1975.

---

4. The only relief available to the defendants then would be to the Supreme Court by a writ of certiorari.

J. Nicholas Shriver, Jr., William A. Snyder, Jr., and Ober, Grimes & Shriver, Baltimore, Md. (and Ben R. Miller, Baton Rouge, La., of counsel), for plaintiffs.

Robert M. Thomas, Alexander I. Lewis, III, and Venable, Baetjer & Howard, Baltimore, Md., for defendant Mercantile-Safe Deposit and Trust Co., as Trustee.

Daniel H. Honemann, Walter E. Black, Jr., and Clapp, Somerville, Black & Honemann, Baltimore, Md., for defendants Bauernschmidt, Thompson, Bauernschmidt, Murray, Roberts, Bartlett, Requardt and Valiant.

Allan H. Fisher, Jr., of Baltimore, Md., for defendant Mercantile-Safe Deposit and Trust Co., as Trustee.

## MEMORANDUM AND ORDER

NORTHROP, Chief Judge.

This case arises upon plaintiffs' request for declaratory judgment pursuant to 28 U.S.C. §§ 1332(a) and 2201. Plaintiffs seek a decree from this Court declaring that the terms "child," "children," "descendants," and similar terms, as used in the five trust instruments at issue in this proceeding, include plaintiff Carolyn Bauernschmidt Purifoy, the lawfully adopted child of William Bauernschmidt, Jr.

The factual background to this case has been adequately set forth in this Court's prior opinion of March 11, 1974. As the Court said at that time, " . . . the *threshold issue* in the instant case is whether [Md.Ann.Code] Article 16 § 78(c), *as amended* in 1961, renders the Act of 1947 retrospective." This issue, being governed exclusively by state law, was certified to the Court of Appeals of Maryland. In *Purifoy v. Mercantile-Safe Deposit & Trust Co.*, 273 Md. 58, 327 A.2d 483 (1974), the retrospective operation of Article 16, § 78(c) was definitively established by the Court of Appeals. Thus, the only issue remaining before this Court is the constitutionality of applying Article 16,

§ 78(c) retrospectively to the facts of this case.

Defendants argue that their interests in the five trust instruments became vested prior to June 1, 1947, and therefore the due process clause of the fourteenth amendment prohibits any retrospective divestment of these interests by means of the 1961 amendment to Article 16, § 78(c). *State v. A/S Nye Kristianborg*, 84 F.Supp. 775 (D.Md. 1949); *Janda v. General Motors*, 237 Md. 161, 205 A.2d 228 (1964). Irrespective of the vested or contingent nature of defendants' interests, it should be emphasized that defendants' due process challenge raises federal constitutional questions which must be resolved by reference to federal law. Only if the limitations of the federal constitution render impermissible retrospective application of Article 16, § 78(c), will it be necessary to ascertain, by reference to Maryland law, whether defendants' interests are in fact vested or contingent.

At the outset, it should be noted that defendants are not asking this Court to declare Article 16, § 78(c) unconstitutional per se. Rather, they seek a determination that the 1961 amendment cannot be constitutionally applied to the facts of this case. In the view of this Court, such a position is untenable. If a retrospective application of Article 16, § 78(c) to the facts of this case would violate constitutional limitations merely because, as defendants argue, their interests in the trust instruments were alienable, then it is hard to imagine any situation where the statute could be applied retrospectively without invoking the same constitutional infirmity. The Court of Appeals of Maryland having found the operation of Article 16, §

78(c) to be retrospective, defendants are, in effect, asking this Court to declare such a statute unconstitutional per se because, by necessity of their argument, it divests property interests of all those persons who, absent the 1961 amendment, would have taken over an adopted child by means of an instrument executed prior to June 1, 1947.

In the view of this Court, the critical fallacy in defendants' argument arises from their assumption that it is Article 16, § 78(c) which operates substantively to destroy their property interests. Quite to the contrary, it is the language of the various trust instruments, and not the language of the statute, which causes the income and/or principal of the various trusts to be paid to Carolyn Bauernschmidt Purifoy as child of William Bauernschmidt, Jr. As this Court recognized in its prior opinion, only when the actual intent of the testator is indiscernible does a court endeavor, by means of a rule of construction, to assign a meaning to the language of the testamentary instrument which comports with sound public policy. L. Simes, Law of Future Interests § 87, at 183 (1966); 4 Page, Law of Wills, § 30.3, at 10–12 (Bowe-Parker ed. 1961). However, it is the language of the instrument itself, and not the Legislature's statutory guideline for construing ambiguities in such language, which assigns the various interests to the various heirs.

In the opinion of this Court, Article 16, § 78(c) is a rule of evidence and not a rule of substantive law. The statute does no more than create a rebuttable presumption that terms such as "child," "heir," "issue," and "descendant" include adopted persons. By the terms of the statute,[1] any person ag-

---

1. Md.Ann.Code, art. 16, § 78(c) provides:
    The term "child," "heir," "issue," "descendant" or an equivalent in a deed, grant, will or other written instrument shall be held to include any adopted person, *unless the contrary plainly appears by the terms thereof*, whether such instrument was executed before or after the entry of the interlocutory decree of adop-

tion, if any, and if none, before or after the entry of the final decree of adoption; in the event such instrument was executed prior to June 1, 1947, the provisions of this subsection shall apply to those adopted persons as to whom the interlocutory decree of adoption, if any, and if none, the final decree of adoption was entered on or after June 1, 1947. [Emphasis added.]

grieved by this presumption may rebut same by introducing other evidence of a contrary intent plainly appearing from the terms of the instrument. Thus, the effect of Article 16, § 78(c) is merely to establish a prima facie case in favor of the adopted child and to place upon those opposing inclusion of the adopted child the burden of going forward with evidence of a contrary testamentary intent. By allocating the burden of proof, the statute operates as a rule of evidence. Other courts have reached a similar conclusion with regard to rules of construction:

> However, where [the testator's] intent is not clear but is obscured by reason of ambiguous language in the deed, courts will invoke rules of construction to assist in the ascertainment of the settlor's intent. *They are not, however, rules of substantive law and are not to be confused with such.* [*Prince v. Nugent,* 93 R.I. 149, 172 A.2d 743, 751 (1961)]. [Emphasis added.]

It is a fact, determined by this Court in its prior opinion, that defendants have failed to carry the burden of going forward with evidence of an actual intent to exclude adopted children from the meaning of the terms "children" or "descendants" in the various trust instruments. This fact being established, it is clear that no denial of due process arises from adherence to the legislative presumption contained in Article 16, § 78(c). As the Supreme Court stated in *Mobile, Jackson & Kansas City R.R. v. Turnipseed,* 219 U.S. 35, 42–43, 31 S.Ct. 136, 137–138, 55 L.Ed. 78 (1910):

> Legislation providing that proof of one fact shall constitute prima facie evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general power of government. Statutes, national and state, dealing with such methods of proof in both civil and criminal cases, abound, and the decisions upholding them are numerous. . . .
>
> . . . . .

That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law, or a denial of the equal protection of the law, it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. . . .

> If a legislative provision not unreasonable in itself, prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him.

■ Considering the statute at issue in this proceeding, it cannot be said that a rational connection is lacking between the fact established (defendants' failure to show an actual intent to exclude adopted children) and the ultimate fact presumed (judicially ascertained intent to include adopted children within the terms of the instrument). Such a presumption comports with wide human experience and has been adopted in other jurisdictions. *Prince v. Nugent, supra.* Since this Court cannot find the presumption contained in Article 16, § 78(c) to be "so unreasonable as to be a purely arbitrary mandate," *Mobile, Jackson & Kansas City R.R. v. Turnipseed, supra,* it must follow that no constitutional deprivation of due process results from operation of the statute.

■ Having found Article 16, § 78(c) to be a rule of evidence and not a rule of substantive law, it is unnecessary for this Court to decide whether the interests of defendants in the five trust instruments are vested or contingent. In either case, no constitutional deprivation of due process would result from operation of an evidentiary presumption created by the legislature. *Mobile, Jackson*

*& Kansas City R.R. v. Turnipseed, supra.*

For the reasons stated above, it is, this 20th day of March, 1975, ordered by the United States District Court for the District of Maryland:

That plaintiffs' counsel shall prepare an appropriate Order and submit it to the Court declaring that the terms "child," "children," "descendants," and similar terms, as used in the five trust instruments, include plaintiff Carolyn Bauernschmidt Purifoy, the lawfully adopted child of William Bauernschmidt, Jr., and her respective descendants.