**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
Debtor.

DENISE S. REICHEL; PHILIP T.
REICHEL; DEBRA A. BUTLER;

KATIE M. WADDELL; RICHARD K.
FELLOWS; VIVIAN FELLOWS,
Claimants-Appellants,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

No. 95-1031

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Argued: March 5, 1996

Decided: March 26, 1997

Before RUSSELL and WIDENER, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Vacated and remanded by published opinion. Judge Widener wrote
the opinion, in which Judge Russell and Senior Judge Chapman
joined.

_____

**COUNSEL**

**ARGUED:** Anthony James Nemo, Sr., MESHBESHER & SPENCE, LTD., St. Paul, Minnesota, for Appellants. Orran Lee Brown, Sr., Richmond, Virginia, for Appellee. **ON BRIEF:** Ronald I. Meshbesher, Michael J. Nemo, Sr., MESHBESHER & SPENCE, LTD., St. Paul, Minnesota; Theodore I. Brenner, BREMNER, BABER & JANUS, Richmond, Virginia, for Appellants.

_____

**OPINION**

WIDENER, Circuit Judge:

Certain Dalkon Shield claimants appeal the district court's order holding that Claims Resolution Facility (CRF) § G.2 does not create a presumption of causation in favor of the claimant, and that the rules governing alternative dispute resolution (ADR) promulgated by the Trust are consistent with the Debtor's Sixth Amended and Restated Plan of Reorganization and related documents and are therefore enforceable. While we conclude that CRF § G.2 does create a presumption of causation, we agree that the challenged ADR rules are consistent with CRF § G.2. For the reasons that follow, we vacate and remand.

On July 26, 1988, the district court approved the Debtor's Sixth Amended and Restated Plan of Reorganization (Plan) and this court affirmed that confirmation of the Plan on June 16, 1989. In re A.H. Robins Co., 88 B.R. 742 (Bankr. E.D. Va. 1988), affirmed, 880 F.2d 694 (4th Cir.), cert. denied, 493 U.S. 959 (1989). The Plan established a trust to compensate injured parties which was funded by the debtor, A.H. Robins Company. Section 8.04 of the Plan requires all claimants to follow the procedures set out in a document titled the Dalkon Shield Trust Claims Resolution Facility (the CRF) to resolve their claims.

The CRF gives claimants three options. Option 1 is intended to resolve small claims with prompt payment to claimants and a minimum of transaction costs for the Trust. The claimant elects this option

2

by filing an affidavit attesting that she used the Dalkon Shield and was injured or believes she may have been injured as a result of such use, or, for non-users, they believe they may have been injured by the use by another. The CRF provides that if Option 1 is selected, the Trust waives all defenses to the claim except for duplication of claims, previous payments, previous court disallowance, or late filing. See CRF § C.

Claimants who choose Option 2 may be eligible to receive more compensation based on fixed amounts for specified injuries categorized and listed in Exhibit A of the CRF. Option 2 claimants must attest to the specific injury or injuries they are claiming, answer additional questions under oath relating to Dalkon Shield use and injury, and submit medical records or a physician's affidavit supporting the claim. Under Option 2, the Trust again waives all defenses except those available under Option 1 and invalidity of the information submitted to support the claim. See CRF § D.

Claimants who choose Option 3 may be eligible upon proper proof to receive a greater amount of compensatory damages than allowed under Options 1 and 2. The Option 3 claimant must complete a detailed claim form and provide medical records or evidence of use of the Dalkon Shield and all medical records of any injuries and damages alleged to have resulted from use of the Dalkon Shield. The Trust then fully evaluates the claim and makes a settlement offer. If the claimant rejects the settlement offer, the claimant may choose to proceed through In-Depth Review/Voluntary Settlement Conference or other voluntary alternative dispute resolution (ADR) process under § E.4 of the CRF.

Pursuant to its discretionary authority under the Claimants Trust Agreement at § 4.03(b)(xii), in 1992 the Trust established the Rules Governing Alternative Dispute Resolution. The rules were amended in 1993 and again in 1994 (the First and Second Amended ADR Rules). The original rules did not state specifically that the claimant had the burden of proving that the alleged injury was caused by the Dalkon Shield. However, both the First and Second Amended ADR Rules added the provision that claimants have the burden of proving that they suffered an injury that was caused by the use of the Dalkon

3

Shield.**1** If claimants continue to reject a settlement offer following this initial form of alternative dispute resolution, they may then choose either binding arbitration or traditional litigation. If a claimant chooses arbitration, §§ E.5(a) and G.12 of the CRF provide that the Trust may assert all available defenses except for absence of product defect. If a claimant chooses traditional litigation, §§ E.5(b) and G.12 provide that all claims and defenses are available to both sides.

The appellants in this case are claimants with respect to injuries caused by their own or another's use of the Dalkon Shield. All filed Option 3 claims and all rejected early evaluation settlement offers and elected to proceed to alternative dispute resolution. Claimant Philip Reichel signed a contract under the Second Amended Rules for ADR. The remaining claimants signed a contract under the First Amended Rules for ADR. Before proceeding to alternative dispute resolution, the claimants filed a motion in the district court asking the court to interpret certain provisions of the ADR rules and the CRF as follows:

> (1) CRF § G.2 governs the ADR process and requires the Trust to presume that the injuries listed in CRF Exhibit A are caused by the Dalkon Shield;

> (2) First Amended Rule XII.G(2) and Second Amended Rules 12.H(1) and 12.H(2), which ignore the presumption of CRF § G.2, and place the burden upon claimants to prove that the injuries listed in CRF Exhibit A were caused by the Dalkon Shield, are inconsistent with the CRF;

> (3) First Amended Rule XII.G(2) and Second Amended

_____

**1** First Amended ADR Rule XII.G, captioned "Burden of Proof" states:

> It is claimant's burden to prove by a preponderance of the evidence that (1) she or he suffered an injury, (2) the injury was caused by the use of the Dalkon Shield, and (3) she or he should receive compensatory damages.

Second Amended ADR Rules 12.H.1.C and H.2.C captioned "Burden of Proof" states essentially the same but divides the section into user and non-user claimants. It omits "preponderance of the evidence," but leaves, nevertheless, the burden on the claimant.

> Rules 12.H(1) and 12.H(2) are void and unenforceable because the Trustees are prohibited from adopting ADR rules which are inconsistent with the CRF.

The district court held that the contested rules were not inconsistent with CRF § G.2 because § G.2 applies only to a threshold or initial evaluation process by the Trust and does not require the Trust to presume causation. Accordingly, the court concluded that because the rules did not violate CRF § G.2, the implementation and enforcement of the rules were within the authority of the Trust. **2**

On appeal, the claimants assert that, in the prosecution of their Option 3 claims, CRF § G.2 creates a presumption in favor of the claimant, upon a showing of use of the Dalkon Shield, see CRF § E(1)(3), that an injury listed on Exhibit A was caused by the Dalkon Shield. The claimants next assert that the First and Second Amended ADR Rules are inconsistent with the § G.2 presumption of causation and are therefore void and unenforceable.**3**

CRF § G.2 states:

> 2. <u>Scheduled Compensable Claims</u>. In determining whether an injury could have been caused by the Dalkon Shield and, therefore, could be eligible for compensation, the Trust shall presume that the injuries listed in Exhibit A are eligible for compensation. The Trust shall consider on a case by case basis whether any injury not in Exhibit A is eligible for compensation.

The district court reasoned that CRF § G.2"in no way requires the Trust to presume causation; rather it directs the Trust to presume

_____

**2** The record does not show affirmatively that the injuries involved in this case are injuries listed on Exhibit A so that they would be entitled to the presumption of causation under CRF § G.2. The parties have treated them as such, and so do we.

**3** Because the CRF is a part of the Plan which was approved by the court, it must govern in the event of irreconcilable conflict between the CRF and the ADR rules which were merely promulgated by the Trust. We see no such conflict, however, as this opinion concludes.

5

eligibility for compensation when a claimant possesses Exhibit A injuries that `could have' been caused by the Dalkon Shield." (italics in original) To the contrary, we are of opinion that CRF § G.2 does create a presumption of causation in favor of a claimant. This is not to say that the presumption may not be rebutted.

In determining that § G.2 creates a presumption, we consider principally, if not wholly, the language of the same. That section in relevant part provides that

> [i]n determining whether an injury could have been caused by the Dalkon Shield and, therefore, could be eligible for compensation, the trust shall presume that the injuries listed in Exhibit A are eligible for compensation. (italics added)

The word "therefore" means "for that reason: because of that: on that ground; to that end: CONSEQUENTLY." Webster's Third New International Dictionary, 1971, p. 2372. The plain meaning of § G.2 then is "whether an injury could be caused by the Dalkon Shield and, for that reason, could have been eligible for compensation." Since the reason an injury could be eligible for compensation is that it could have been caused by the Dalkon Shield, it follows that the presumption required under § G.2 that the injuries "are eligible for compensation" necessarily includes a presumption of cause, and we so hold.[4] Certainly there could be no compensation for an injury not caused by the Dalkon Shield. Indeed, the presumption of eligibility for compensation which is imposed by § G.2 of the CRF absent the rational connection of causation might itself be suspect. See Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 43 (1910).

But that does not end the matter. We are left with the presumption of causation and ADR Rules XII.G and 12.H which provide that the claimant must prove cause. While the trust takes the view that the end

---

**4** In that connection, we note that the district court in a previous case, In re: A. H. Robins Co. Inc., 131 B. R. 292, 297 (Bankr. E.D. Va. 1991), reversed on other grounds, 972 F.2d 77 (4th Cir. 1992), construed § G.2 as we do here. And in In re: A. H. Robins Co. Inc., 197 B. R. 519 (Bankr. E.D. Va. 1994), it construed § G.2 as it did in this case. As our opinion sets out, we prefer its first construction.

6

and effect of rules XII.G and 12.H is that there is no presumption established by CRF § G.2, and the claimants take the view that the presumption established by § G.2 makes inoperable the proof of causation required by Rules XII.G and 12.H, we think that neither is correct.

We commence with the proposition that we have held that § G.2 establishes a presumption of causation upon proof of the use of the Dalkon Shield and an injury appearing in Exhibit A. Also ADR Rules XII.E.1 and XII.G.1 provide that the Federal Rules of Evidence shall not apply. That leaves to us the obligation to define the effect of the presumption established by § G.2. We are of opinion that rule 704 of the Model Code of Evidence of the American Law Institute (1942) is the proper rule to apply here.

> Rule 704. EFFECT OF PRESUMPTIONS.
>
> (1) . . . when the basic fact of a presumption has been established in an action, the existence of the presumed fact must be assumed unless and until evidence has been introduced which would support a finding of its non-existence or the basic fact of an inconsistent presumption has been established.
>
> (2) . . . when the basic fact of a presumption has been established in an action and evidence has been introduced which would support a finding of the non-existence of the presumed fact or the basic fact of an inconsistent presumption has been established, the existence or non-existence of the presumed fact is to be determined exactly as if no presumption had ever been applicable in the action. [5]

Application of the presumption created by § G.2 and Rule 704 leaves this case in the same position as would have been the ordinary civil case absent the Federal Rules of Evidence. A presumption, of course, aids the party who seeks proof of the presumed fact. But the presumed fact may be rebutted and, upon introduction of evidence

─────────────────────────────────────────────

[5] No inconsistent presumption is involved in this case.

7

which would support a finding of the non-existence of the presumed fact, the case is left in the same situation as if no presumption had ever been applicable.

To apply that rule to the case at hand, we must suppose, as do the parties, that a claimant has introduced sufficient evidence to prove that the woman involved used the Dalkon Shield and that her injury was an injury listed in Exhibit A. Proof of those facts establishes the presumption that the woman's injury was caused by the use of the Dalkon Shield. If nothing else appears in the record, the finder of fact must find that the injury was caused by use of the Dalkon Shield. But the presumption may be rebutted, and if evidence is introduced which would support a finding of the non-existence of cause of the injury by use of the Dalkon Shield, then the existence or non-existence of causation is to be determined exactly as if no presumption had ever been applicable in this case.

Our application of the effect of the presumption in this case is consistent with circuit precedent prior to 1975 when the Federal Rules of Evidence were adopted. See Breeden v. Weinberger , 493 F.2d 1002, 1005-1006 (4th Cir. 1974), and Foster v. CIR, 391 F.2d 727, 735 (4th Cir. 1968). Giving effect to a presumption favorable to a claimant, as here, which is subject to rebuttal, yet which does not alter the scheme of proof placing the ultimate burden of persuasion on the claimant, is not different, for example, than the presumption, which may favor a plaintiff, of scope of employment of an employee who acts on company time or of fraud of an attorney who deals to his advantage with a client. See Western Union Telegraph Co. v. Phelps, 169 S.E. 574 (Va. 1933), and Nicholson v. Shockey, 64 S.E.2d 813 (Va. 1951).

In sum, a presumption of causation arises upon proof pursuant to § G.2 that the woman involved used a Dalkon Shield and that her injury is one listed in Exhibit A. The effect of such a presumption arising under § G.2 is that given in Rule 704 of the Model Code of Evidence referred to in this opinion. Any such presumption is subject to rebuttal, and the ultimate burden of persuasion rests on the claimant.

The judgment of the district court is vacated and the case is remanded for action not inconsistent with this opinion.

VACATED AND REMANDED

8